1  McGREGOR W. SCOTT
   United States Attorney
2  KIMBERLY SANCHEZ
   STEPHANIE M. STOKMAN
3  Assistant United States Attorney
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone:  (559) 497-4000
5  Facsimile:   (559) 497-4099

6  Attorneys for Plaintiff
   United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                    CASE NO.  1:18-CR-00092-NONE

12                      Plaintiff,               STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                               FINDINGS AND ORDER

14  LUIS REYNALDO REYES CASTILLO, JOSE           DATE:
    AUDON REYES BERRARA, AND NILSON              TIME:
15  ISRAEL REYES MENDOZA,                        COURT: Hon. Dale A. Drozd

16                      Defendants.

17

18        The court previously ordered, pursuant to a stipulation submitted by the parties, that the parties

19  submit a stipulation on or before June 3, 2020, setting a trial date. Defendant REYES-BARRERA filed a

20  motion for bail review that was heard and denied on May 18, 2020. Due at least in part to the pandemic,

21  counsel for REYES-BARRERA needs additional time to engage in discussions with his client regarding

22  the disposition of the case.  REYES-BARRERA also wishes to engage in further discussions with the

23  government before agreeing on a trial date, and those discussions are ongoing.  The government and

24  codefendants had reached an agreement to propose a November trial date, but have been and are in

25  agreement to wait to select a specific date until REYES-BARRERA decides what date will work for

26  him.  Defendants REYES-CASTILLO and REYES-MENDOZA do not oppose extending the time on

27  which to file a stipulation setting a trial date. Additionally, on May 13, 2020, this Court issued General

28  Order 618, which directs that no jurors will be called into the Eastern District of California until further

                                                 1
    STIPULATION REGARDING EXCLUDABLE TIME
    PERIODS UNDER SPEEDY TRIAL ACT

1  notice, and allows district judges to continue all criminal matters to a date after June 1. This and

2  previous General Orders were entered to address public health concerns related to COVID-19. The

3  parties stipulate and request the Court to Order the trial setting stipulation be filed on or before October

4  15, 2020.

5       Although the General Orders and declarations of emergency address the district-wide health

6  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

7  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

8  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

9  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

10 failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

11 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

12 findings on the record "either orally or in writing").

13      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

14 and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

15 emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

16 judge granted such continuance on the basis of his findings that the ends of justice served by taking such

17 action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

18 § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

19 the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

20 such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

21      The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

22 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

23 continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

24 discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

25 week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

26 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

27 *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

28 exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

2  by the statutory rules.

3         In light of the societal context created by the foregoing, this Court should consider the following

4  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

5  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

6  for the trial setting.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

7  continuance must be "specifically limited in time").

8                                                        **STIPULATION**

9         Plaintiff United States of America, by and through its counsel of record, and defendants, by and

10  through defendants' counsel of record, hereby stipulate as follows:

11         1.        By previous order, the parties were to file a stipulation proposing a trial date on or before

12  June 3, 2020.

13         2.        The parties have been engaging in discussions related to a proposed trial date, and require

14  additional time in order to reach an agreement.

15         3.        Due to these discussions and the complications in communication given aforementioned

16  public health concerns, the parties did not file a stipulation by the June 3, 2020 date as previously

17  ordered, and request the Court consider this late request.

18         4.        By this stipulation, defendants now move to extend that date to October 15, 2020 in order

19  to reach a stipulation for a new trial date and scheduling order, and to exclude time from June 3, 2020 to

20  October 15, 2020 under Local Code T4.

21         5.        The parties agree and stipulate, and request that the Court find the following:

22              a)        .The government has represented that the discovery associated with this case

23              includes investigative reports and related documents in electronic form, which are voluminous in

24              nature.  All of this discovery has been either produced directly to counsel and/or made available

25              for inspection and copying.

26              b)        The government does not object to the continuance.

27

28              [1] The parties note that General Order 612 acknowledges that a district judge may make
"additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

c)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- As a result of the public health emergency, defense counsel's trial preparation is inhibited due to limited access to their clients and trial witnesses.

- Defendant Audon Reyes-Barrera had a hearing on his motion for bail review heard and denied on May 18, 2020. Reyes-Barrera desires additional time to engage in internal discussions and discussions with the government before agreeing to a trial date.

- Codefendants do not oppose the extension of time to file a stipulation setting a trial date.

d)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 3, 2020 to October 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

\\

\\

\\

\\

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1      6.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

2 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3 must commence.

4      IT IS SO STIPULATED.

5

6 Dated:  July 29, 2020

McGREGOR W. SCOTT
United States Attorney

7
/s/ KIMBERLY SANCHEZ
KIMBERLY SANCHEZ

8 Assistant United States Attorney

9

10 Dated:  July 29, 2020

/s/ MARC DAYS
MARC DAYS

11 Counsel for Defendant
Luis Reynaldo Reyes Castillo

12

13 Dated: July 29, 2020

/s/ STEVEN CRAWFORD
STEVEN CRAWFORD

14 Counsel for Defendant
Jose Audon Reyes Berrara

15

16 Dated: July 29, 2020

/s/ VIRNA SANTOS
VIRNA SANTOS

17 Counsel for Defendant
Nilson Israel Reyes Mendoza

18

19

20

**FINDINGS AND ORDER**

21

IT IS SO ORDERED.

22

23 Dated:   **July 29, 2020**

_____
UNITED STATES DISTRICT JUDGE

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5